KATHRYN N. NESTER, Federal Public Defender (#13967)
BENJAMIN C. McMURRAY, Assistant Federal Public Defender (#9926)
**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF UTAH**
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TYLER JAMES MILLER,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>Civil No. _____<br>Crim. No. 1:14-CR-00043 DB<br><br>(Filed pursuant to Standing Order 16-002.) |

Petitioner Tyler Miller, through counsel, moves this Court to vacate his conviction and correct his sentence pursuant to 28 U.S.C. § 2255 in light of *Johnson v. United States*.[1]

## BACKGROUND

1. Mr. Miller pleaded guilty on February 3, 2015, to one count of unlawfully discharging a firearm during and relation to a "crime of violence" in violation of 18 U.S.C. § 924(c).

2. The § 924(c) conviction was based on a violation of Hobbs Act Robbery in violation of 18 U.S.C. § 1951 alleged in Count 3 of the indictment.

3. That same day, the court sentenced Mr. Miller to 120 months in prison.

---

[1] 135 S. Ct. 2551 (2015).

4. Judgment was entered on February 5, 2015, and an amended judgment was entered on May 13, 2015.

5. Mr. Miller did not appeal, and he has not filed a § 2255 motion prior to this motion.

## GROUNDS FOR RELIEF

Mr. Miller's § 924(c) conviction should be vacated because Hobbs Act robbery cannot be classified as a crime of violence under *Johnson v. United States*.[2] *Johnson* held that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague because it "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges" by "[tying] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements" and left "uncertainty about how much risk it takes for a crime to qualify as a violent felony."[3]

The "residual clause" in the definition of "crime of violence" in § 924(c)(3)(B) is materially indistinguishable from the residual in ACCA and is, therefore, void for vagueness under *Johnson*.[4] Without the residual clause, a violation of 18 U.S.C. § 1951 cannot be a crime of violence because it does not have as an element "the use, attempted use, or threatened use of physical force against the person or property of another" as required by § 924(c)(3)(A). Therefore, Mr. Miller is innocent of the § 924(c) offense, and his conviction is void.

Because a violation of the Hobbs Act does not qualify categorically as a crime of violence under § 924(c) after *Johnson*, Mr. Miller's § 924(c) conviction based upon a violation

---

[2] 135 S. Ct. 2551 (2015).
[3] *Id.* at 2557.
[4] *See, e.g., United States v. Gonzalez-Longoria*, 813 F.3d 225, 227 (5th Cir. 2016) (applying *Johnson* to identical residual clause in § 16(b)) (vacated for rehearing en banc); *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015) (same); *Dimaya v. Lynch*, 803 F.3d 1110, 1115 (9th Cir. 2015) (same).

of that statute (1) violates Due Process, (2) violates the laws of the United States and results in a fundamental miscarriage of justice, and (3) was entered in excess of this court's jurisdiction.

The Supreme Court has held that *Johnson* is a substantive new rule that applies retroactively to cases that are final.[5] This motion is timely because it was filed within one year from the date that the Supreme Court issued its decision in *Johnson*.[6]

## RELIEF REQUESTED

For these reasons, Mr. Miller is entitled to relief under 28 U.S.C. § 2255(a). He asks the court to vacate his § 924(c) conviction and schedule a hearing for resentencing on all counts.

Pursuant to Standing Order 16-002, Mr. Miller asks the court to stay this motion until such time as he submits a supplemental brief in support of this motion.

DATED this 13th day of June, 2016.

*/s/ Benjamin C. McMurray*
Benjamin C. McMurray
Assistant Federal Public Defender

---

[5] *Welch v. United States*, 136 S. Ct. 1257 (2016).
[6] 28 U.S.C. § 2255(f)(3).